**Signed: May 03, 2006**



_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                No. 05-49398 T
                                     Chapter 7
ACTION DEVELOPMENT, LLC,

    Debtor.
_____/

**MEMORANDUM AND ORDER RE VARIOUS DOCUMENTS FILED
BY A DEBTOR CORPORATION UNREPRESENTED BY COUNSEL**

The above-captioned debtor (the "Debtor") seeks various orders from the Court. For the reasons stated below, the orders are all denied.

The Debtor filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on December 9, 2005. The Debtor's primary asset was real property located in Oakland, California (the "Real Property"). The Debtor had been attempting to build 32 condominium units on the Real Property since 2004. The Debtor had obtained a construction loan from Scripps Investment & Loans, Inc. ("Scripps") in January 2004. The project was supposed to be completed and the loan repaid by February 2005 at the latest. By the time of the filing, the construction had only progressed to the stage

that a foundation slab had been laid. The Debtor scheduled the value of the Real Property at approximately $3.3 million. Scripps provided evidence that the principal balance due on the loan was approximately $3.9 million.

The Debtor contended that Scripps had breached the construction project in various ways. The primary complaints voiced were that the Debtor had not realized that it was required to pay for insurance for the project and that it did not appear that Scripps had placed retention funds in an interest bearing account as required by the agreements. The Debtor also complained that not all of the loan funds had actually been disbursed.

However, Scripps presented evidence, which the Debtor did not dispute, that, in return for a series of forbearances, from February 2005 to December 2005, the Debtor released Scripps from any claims. Notwithstanding these releases, in September 2005 the Debtor filed a complaint against Scripps in state court, asserting these same claims and in December 2005 filed an ex parte application for a temporary restraining order. After the temporary restraining order was denied, the state court complaint was dismissed with prejudice. Shortly there after, the Debtor filed its chapter 11 petition.

The Court conducted three preliminary hearings: i.e., on February 10, March 31, and April 14, 2006. During this period, the Debtor made two adequate protection payments of interest only to Scripps. Persuasive evidence was presented by Scripps that the Debtor did not have adequate insurance. Although the Debtor represented that he was attempting to get alternative financing,

2

according to Scripps, the Debtor had made similar representations during the various forbearance periods. Scripps presented persuasive evidence that the value of the Real Property was deteriorating because the Real Property had not been properly winterized. At one of the hearings, counsel for Scripps noted that the tentative map, upon which the project depended, would expire in one year. Since the project would take close to one year to complete, time was of the essence.

When asked what the Debtor's plan of reorganization would be if the Court did not grant Scripps relief from the automatic stay, the Debtor responded that its plan was to object to Scripps' claim by asserting the claims that had previously been released as a basis for reducing it down to a level where the Real Property could be sold. The Debtor contended that the release only prevented an affirmative recovery from Scripps, not the assertion of claims as an offset. However, Scripps directed the Court to specific language in one of the forbearance agreements expressly waiving all claims against Scripps as offsets, among other things.

Based on the foregoing, the Court concluded that, in addition to not having any equity in the Real Property, the Debtor did not have a reasonable prospect for reorganizing within a reasonable period of time. See 11 U.S.C. § 362(d)(2). The Debtor has the burden of proof on this element of a claim for relief. See 11 U.S.C. § 362(g)(2). The Court also observed that the case had all the earmarks of a bad faith filing. Thereafter, given the Court's ruling on this issue, with the consent of the Debtor's counsel, the case was converted to

3

chapter 7 of the Bankruptcy Code without prejudice to its being dismissed thereafter.

After these ruling were made, the Debtor's responsible officer, Michael Gray ("Gray"), filed various documents on behalf of the Debtor without benefit of counsel: i.e., Docket Nos. 58, 59, and 60. The Court is advised that Gray considers these documents a motion for reconsideration. When advised that a corporation could not appear or file documents without being represented by counsel, Mr. Gray apparently persuaded an attorney, Ivan Golde, to permit his name to be placed on the following orders prepared by Gray and submitted to the Court: (1) Order to Allow for the Reconsideration of Relief From Stay for the Sale 601 Mac Arthur, Oakland California Granted 4/14/2006, (2) Order to Put in Place a Stay of the Sale 601 MacArthur Oakland California, (3) Order to Convert Case No# 05-49398 from Chapter 7 to Chapter 11, (4) Order Granting Action Development a Hearing on the As It Relates to the Amount Owed by Action Development LLC to Scripps Investment and Loan, and (5) Order to Extend Exclusivity Period to File a Plan of reorganization for Thirty Days.

At present, there are no motions properly before the Court to which these orders relate. However, rather than denying the motions solely on this ground, thereby encouraging the Debtor to expend additional efforts in attempting to persuade the Court to reconsider its decision to grant relief from the automatic stay and to convert the case to chapter 7, the Court will deny them on the merits as well. The contents of Gray's filings do not support a prima facie

4

case for reconsideration of those orders given the other undisputed evidence presented to the Court.

Based on the foregoing, it is hereby

ORDERED that the various requests for relief discussed above be, and they hereby are, denied.

END OF DOCUMENT

5

COURT SERVICE LIST

Adleson, Hess & Kelly
Patric J. Kelly
577 Salmar Ave., Second Floor
Campbell, CA 95008

Ivan W. Golde
508 16th St., Ste. 1100
Oakland, CA 94612

Michael Gray
2523 El Portal Dr., #101
San Pablo, CA 94806